N. L. PARKS *v.* JOHN C. TILLIS

(No. 7225)

Submitted May 3, 1932. Decided May 17, 1932.

296

*Fred W. Goshorn, F. G. Musgrave,* and *Claude L. Smith,* for plaintiff in error.

*Somerville & Somerville* and *B. H. Blagg,* for defendant in error.

Lively, Judge:

Plaintiff sued for damages to his automobile alleged to have resulted from defendant's negligence in colliding with plaintiff's car, and from a judgment favorable to defendant, plaintiff prosecutes error.

The collision of the litigants' automobiles occurred about two p. m., January 19, 1931, on Route No. 19, between Charleston and Point Pleasant. The road, a gravelled one about 28 feet wide, is straight for some distance (the exact measurement does not appear), but there is a slight grade on either side of the point of impact, the crest of which is between 72 and 100 feet from the place of collision on the side nearer to Point Pleasant. Parks' car (a Ford sedan) was driven by his father (hereinafter called plaintiff) at about thirty miles per hour (defendant says fifty) in the direction of Charleston, who testified that he first observed defendant's car coming toward him about 1,000 feet away, at which time defendant, driving about the same speed as plaintiff, "was decidedly on his right side. of the road" and that defendant continued in a straight path until he reached a point 30 or 40 feet from plaintiff's car when defendant abruptly turned his car toward the center of the road and collided with plaintiff's car, damaging both wheels, fenders and running board on the left side. Witnesses Croft and

Larue who were riding in plaintiff's car substantially corroborate plaintiff's version except that they estimate the distance at thirty or forty steps and seventy-five feet, respectively, when defendant's car swerved toward the plaintiff's car. Defendant denies that his car swerved, and his testimony is substantiated by witnesses who observed the imprints of his car in the gravel immediately after the accident. While the evidence is in conflict as to the position of the cars in the road at the time of the collision, defendant admits that the left wheels of his car were eighteen inches beyond the center of the road and on plaintiff's side of the road. According to defendant, who acknowledged familiarity with the road, about four hundred feet from the accident, he drove beyond the center of the road to avoid hitting some chuck holes in the road, at which time he looked to see if anyone was coming, and observing no one, he continued in a straight path, looked down at his "right hand side wheel", and first became aware of plaintiff when twenty-five feet away from him. Defendant's wife testified that she saw plaintiff's car "just as the glass top come over the hill" and "I just yelled." Defendant contends that plaintiff hit his automobile. He admits, however, that there was nothing to obstruct his view of plaintiff's car.

The case was submitted to the jury on the questions of (1) defendant's negligence and (2) plaintiff's contributory negligence; and since, as above noted, the jury found in favor of defendant, we must regard the verdict from the evidence which favors the successful litigant.

While a motorist is not legally precluded from using the left hand side of a public highway (Ewing v. Chapman, 91 W. Va. 641, 647, 114 S. E. 158), under the provisions of chapter 17-8-4, Code 1931, an operator of a motor vehicle "meeting another vehicle coming from the opposite direction on the same highway shall turn to the right of the center of the highway so as to pass without interference"; and failure to do so raises a presumption of negligence. Elliott, Roads and Streets, 4th Ed., Vol. 2, p. 1482. Where the left hand side of the road is used and the statutory duty does not arise, the driver must exercise such viligance as anticipates

the presence of other automobiles and he cannot assume that the road is clear or will continue so. 2 R. C. L. 1184. Although the law requires that a driver on the right hand side, observing a vehicle approaching on the wrong side, shall exercise due care and take reasonable precautions to avoid a collision, it likewise permits him to assume that the approaching vehicle will turn to the proper side in time to avoid an accident. 29 C. J. 651.

Tested by such standards of conduct, and in consideration of defendant's own admissions of driving on the wrong side of the road without thought of approaching vehicles and without maintaining even a semblance of a lookout, we can but stamp defendant's conduct as sheer recklessness and negligence.

But, defendant argues, the proximate cause of the collision was the contributory negligence of the plaintiff. That being a matter of defense, we ask if the defendant has borne his burden of proof? Defendant points out that plaintiff actually saw defendant 1,000 feet away and continued to see him until the accident occurred, and that plaintiff stubbornly persisted in his right to drive in a straight path. It is true that when between 75 and 100 feet away, plaintiff's companions warned him of the impending collision. That distance could be covered within the course of a few seconds, and the evidence discloses that about two seconds elapsed between the time plaintiff's attention was directed to the danger and the time of impact. There is nothing in the record to show that plaintiff was conscious of or could appreciate that defendant was driving without heed of the safety of other drivers or that plaintiff had reason to believe that defendant would not obey the law of the road, nor can it be said that the assumption which the law gives to a motorist driving on the right side of the road was unwarranted until defendant created the emergency, and danger appeared imminent, and then there was not sufficient time to avoid impact. Consideration of defendant's conduct and the fact that plaintiff was driving on the right side of the road with the right to assume that defendant would act seasonably, and oblivious to defendant's disregard of other motorists' rights leads us to the conclusion

that there was no evidence on which the jury could have found plaintiff guilty of contributory negligence. The emergency created by defendant's failure to obey the law of the road was not sufficient to break the causal connection between his primary negligence and the injury. While the question of contributory negligence is a mixed one of law and fact generally to be determined by the jury, where the controlling facts are undisputed and reasonably justify only the conclusion that plaintiff did not contribute proximately to his injury, the court should hold, as a matter of law, that plaintiff is not guilty of contributory negligence.

The judgment of the lower court will be reversed.

*Reversed; remanded.*