ANONA J. CLAY, *Administratrix etc.*

*v.*

W. O. WALKUP, *et al.*

(No. 10992)

Submitted February 4, 1959.    Decided March 17, 1959.

*Sanders & White, William H. Sanders, Ben B. White, Jr., George A. Daugherty,* for plaintiffs in error.

*Myles & Myles, T. A. Myles, T. E. Myles,* for defendant in error.

BERRY, JUDGE:

This is an action of trespass on the case for wrongful death. The action was brought by Anona J. Clay, Administratrix of the estate of A. B. Clay, deceased, plaintiff below and defendant in error, hereinafter referred to as plaintiff, against W. O. Walkup, Norman Herbert Keller and Mary S. Keller, defendants below and plaintiffs in error, hereinafter referred to as defendants. The defendant Walkup, brother of the plaintiff, was the driver and owner of the automobile in which the plaintiff's decedent was riding at the time of the accident, one of the other defendants, Norman H. Keller, being the driver of the other vehicle involved in said accident and Mary S. Keller being the owner of the vehicle. The morning the case was called for trial the plaintiff and defendant Walkup announced that a settlement had been made between them for the amount of $7000.00 and the case proceeded to trial against the two remaining defendants, Norman H. Keller and Mary S. Keller, with the stipulation that settlement mentioned above would be used as a credit upon any verdict that might be returned in favor of the plaintiff. A stipulation was entered into by counsel for the respective parties with regard to the admis-

sion of certain photographs to be used as evidence, the death of plaintiff's decedent being the result of injuries received in the accident, and that the defendant, Norman H. Keller, was using the automobile owned by his wife at the time of the accident within the purview of the family purpose doctrine. The jury returned a verdict in the amount of $10,000.00 in favor of the plaintiff and the trial court entered judgment against the Kellers in the amount of $3000.00, to which judgment a writ of error and supersedeas was granted by this Court.

The accident occurred on State Route 20 in Summers County, West Virginia on October 24, 1956. The defendant, Norman H. Keller, was driving his automobile in a northerly direction on said highway. The car driven by defendant Walkup, with plaintiff's decedent riding in the front seat and another passenger, Paul Halsey, riding in the rear seat, was proceeding on said highway in a southerly direction. When Walkup was about 100 or 150 feet from a filling station on his left side of the highway, he started turning his car gradually to the left for the purpose of entering said filling station to obtain some gasoline. At the time Walkup started turning to the left side of the highway the defendant Keller was proceeding toward Walkup from the opposite direction with an unobstructed view of approximately one-quarter of a mile. Keller testified that he first observed the Walkup car proceeding on its right side of the road some distance from where the filling station was located. He stated that he was driving about 50 miles per hour and that he noticed the Walkup car cut across the road, and that when he was within about 150 feet from the Walkup car he started to apply his brakes to some extent, and when he was about 50 feet from the Walkup car it started to cut back to its right side of the road and that was when he applied his brakes forcibly. The witness, Halsey, stated that he saw the Keller car some distance away and when it was about 200 or 250 feet away the plaintiff's decedent said to Walkup "look out, Walkup, there comes one" at which time Walkup started back

across the road to the right. Halsey stated that he did not know the speed the Keller car was being driven but it was "pretty fast". Walkup stated that he was not too clear about what happened in the accident because of a severe blow received on his head but that he remembered seeing the Keller car before the accident and that at first it looked small and just before the accident it looked large. He could not testify as to the distance but said that the Keller car got "big mighty quick". He also testified that the Keller car was running "pretty fast".

There is no conflict in the evidence that the Keller car made skid marks on the highway for about 120 feet, the last 30 feet being black skid marks. At the time of the impact the Walkup car was knocked back about 2 feet. The defendant Keller testified that when he first saw the Walkup car it was about 1500 feet from him. The state police who investigated the accident stated that it would take about 186 feet to stop a car running 50 miles per hour. This included both the reaction time and the time required for the actual application of the brakes. Of course when the brakes are first applied they will not cause skid marks on the road unless they are applied with great force and it would appear from the skid marks and the impact of the collision that the Keller car was being driven faster than 50 miles per hour. Although the witness Halsey gave a statement to the state police that the defendant Keller was not speeding at the time, all of the evidence taken together would indicate otherwise. The cars collided about the center of the highway.

On cross-examination the witness Halsey was asked if he thought the collision would have occurred had the Walkup car continued on its course toward the filling station, or stopped. Halsey answered that he did not believe it would have. An objection was made to this question and answer, which was sustained by the trial court and this is assigned as one of the grounds of error.

This question calls for a conclusion of the witness and

under ordinary circumstances should not be received in evidence. 32 C. J. S., Evidence, § 438; 7 Michie's Jurisprudence, Evidence, §179, 558. Witnesses should testify to the facts as to what was done or not done and allow the jury to draw conclusions or inferences therefrom. See *Hendricks* v. *Public Service Co.*, 111 W. Va. 576, 163 S. E. 411 and *Farris* v. *Cabin Creek Consol. Coal Co.*, (W. Va.) 220 F. 813. Such matters usually rest within the discretion of the trial court and its rulings thereon will not ordinarily be disturbed unless such discretion has been abused. *Lewis* v. *Mosorjak*, 143 W. Va. 648, 104 S. E. 2d 294, 303. Therefore, we are of the opinion that no error was committed by the trial court in refusing to allow the jury to consider this statement.

The defendant also assigns as error the trial court's giving instructions offered by the plaintiff dealing with reasonable control and lookout. From the facts in this case, it would clearly appear that Walkup was negligent and a settlement was made by him for his responsibility in this accident. However, the plaintiff's decedent cannot be charged with Walkup's negligence in this case because there is no contention that they were engaged in a joint enterprise and had joint control over the operation of Walkup's car, or that plaintiff's decedent did not take proper precaution for his own safety. The evidence is uncontradicted that he warned the driver Walkup of the approaching automobile. See *Darling* v. *Baltimore & O. R. Co.*, 136 W. Va. 303, 69 S. E. 2d 139; *Norfolk & P. B. L. R. Co.* v. *Parker*, 152 (Va.) 484, 147 S. E. 461, and cases cited therein. Therefore the only question to be decided in this case is whether the accident was caused by the sole negligence of Walkup or whether it was due to the concurrent negligence of both Walkup and Keller.

The defendant Keller saw the Walkup car on the highway when it was about 1500 feet away and observed it crossing the highway. Under these circumstances he should have driven his car at such speed and under such control as to have avoided this accident. It must be remembered that the Walkup car was not driven off the

highway. The evidence indicates that it crossed the center line, and at most, only the front of the car was partially off the hard surface at the farthest point of the approach to the filling station, at which time Walkup cut back to the right when the Keller car was some 200 or 250 feet away, according to plaintiff's evidence, and Walkup drove his car to the center of the highway before the accident occurred. The defendant Keller testified that he did not observe the Walkup car turning back to the right until it was about 50 feet from him. Keller observed, or should have observed, the Walkup car crossing the center of the highway and turning back because it was being driven very slowly during this period of time, at about 10 miles per hour. In the exercise of due care under the circumstances Keller should have driven his car at the time at such speed and under such control as to have enabled him to avoid the accident. His actions in the operation of his car before and at the time of the collision would indicate that he was either driving at an unreasonable rate of speed or was not keeping a proper lookout. The commission or omission in either event would constitute negligence on the part of Keller.

In the recent case of *Lewis* v. *Mosorjak, supra,* decided by this Court, a somewhat similar factual situation was presented. Although there were three cars in that case, the principle is the same because the automobile of the defendant being driven from the side of the highway toward the center, and the automobile of the defendant being driven on the highway and being turned to the left to avoid hitting the car being driven from the side of the highway hit another car approachng from the opposite direction on the highway. Both the defendant who drove his automobile on the highway in front of the approaching car and the other defendant approaching the automobile were held to be guilty of concurrent negligence. It was held in that case that the defendant driving his car along the highway in a manner similar to the defendant Keller in this case was guilty of negligence in failing to keep a proper lookout and in failing to have

his vehicle under proper control. This Court, speaking through Judge Haymond, in the *Lewis* v. *Mosorjak, supra,* case, with regard to the principle involved, stated: "Where two or more persons are guilty of negligent acts or omissions, which in point of time and place concur, and together proximately cause or contribute to the injury of another, they are guilty of concurrent negligence for which, in an action by an injured party or, in case of his death, by his personal representative, recovery against them may be had. Point 2, syllabus, *Sigmon* v. *Mundy,* 125 W. Va. 591, 25 S. E. 2d 636; point 2, syllabus, *Wilson* v. *Edwards,* 138 W. Va. 613, 77 S. E. 2d 164. Whether the negligence of two or more persons is concurrent, and taken together proximately causes or contributes to the injury of another person is, as to all matters of fact, a question for jury determination and a verdict of a jury based upon facts will not be disturbed if it is supported by substantial evidence. *Wilson* v. *Edwards,* 138 W. Va. 613, 77 S. E. 2d 164; *Sigmon* v. *Mundy,* 125 W. Va. 591, 25 S. E. 2d 636. Separate and distinct negligent acts or omissions by two or more persons constitute the proximate cause of an injury when they continue in unbroken sequence until the injury occurs and directly and immediately contribute to and are the efficient cause of the injury. *Wilson* v. *Edwards,* 138 W. Va. 613, 77 S. E. 2d 164; *Brewer* v. *Appalachian Constructors,* 135 W. Va. 739, 65 S. E. 2d 87. See also *Tawney* v. *Kirkhart,* 130 W. Va. 550, 44 S. E. 2d 634."

Although there is some conflict in the evidence as to when the defendant Keller saw or should have seen the defendant Walkup's car cutting back across the road, there is sufficient evidence for this case to be submitted to the jury for the determination as to the negligence of both Walkup and Keller. This having been done the jury found that both defendants Walkup and Keller were guilty of negligence and that such negligence was concurrent and the proximate cause of the fatal injuries to the plaintiff's intestate. We are of the opinion that there was sufficient evidence upon which the jury could base

its findings. This Court therefore will not disturb the verdict of the jury.

It has been held by this Court on many occasions that the question of negligence and contributory negligence are questions for the jury when the evidence is conflicting or when it is such that reasonable men may draw different conclusions from it. See *Lewis* v. *Mosorjak, supra,* and cases cited therein. The cases cited in the appellant's brief to support defendant Keller's contention are not applicable to the facts presented in the case at bar under the circumstances of the case. In the case of *Parks* v. *Tillis,* 112 W. Va. 295, 164 S. E. 797, the legal position of the parties was not only different, but the facts are different. Then too, in the *Parks* case the elements of speed, control and lookout differ from the evidence presented in the case at bar and the inferences therefrom are not present here. The distance between the cars in each instance was different; the physical facts, such as the distance of the skid marks, were different; the manner in which each car was being driven was different and the speed of each car was different. The same is true with like effect as to the other authorities cited.

For the reasons stated herein, the instructions offered by the plaintiff and given by the court to which the defendant assigns error would appear to be proper under the circumstances of this case and do not constitute reversible error, and under the view of this Court, as expressed herein, there was sufficient evidence to submit this case to the jury on this question as to whether or not defendant Keller's actions constituted negligence, and therefore the trial court did not commit error in refusing to direct a verdict for the defendant Keller.

The judgment of the Circuit Court of Fayette County is affirmed.

*Affirmed.*