SIDNEY B. CALLISON AND ETTA CALLISON

*v.*

JAMES R. PRESTON

(No. 12676)

Submitted September 24, 1968. Decided November 19, 1968.

*Clay S. Crouse, E. Carl Meadows, Jr.,* for appellants.

*Bowers, File, Hodson & Payne, Donald D. Hodson, W. H. File, Jr.,* for appellee.

BERRY, PRESIDENT:

This action involving an automobile accident was instituted in the Circuit Court of Raleigh County by the plaintiffs, Sidney B. Callison and Etta Callison, against James R. Preston. The plaintiffs were guest passengers in an automobile driven by George M. Wood when an accident occurred with an automobile driven by the defendant. At the conclusion of the plaintiffs' evidence the trial court directed a verdict for the defendant and entered judgment thereon October 20, 1965, and, on November 22, 1966, overruled a motion to set the judgment aside, from which order the plaintiffs appealed. An appeal was granted by this Court on June 19, 1967, and the case was submitted on arguments and briefs at the September Regular Term, 1968.

The accident in question occurred on State Route 16 between Beckley and Crab Orchard at the unincorporated Town of MacArthur. A four-lane divided highway runs south from Beckley and narrows down into a two-lane highway where this accident occurred near a supermarket on the western side of the highway. The automobile in which the plaintiffs were riding had attempted to cross Route 16 at a right angle to the normal flow of traffic and was struck in the left rear by an automobile driven by the defendant, James R. Preston, on the south lane next to the divider in the direction of Crab Orchard. The driver of the automobile in which the plaintiffs were riding was not made a party defendant to this action, and the only question involved in the case at bar is whether the defendant, James R. Preston, was guilty of negligence in connection with the accident.

The appellants, plaintiffs below, rely on three assignments of error, namely: "(1) Defendant failed to keep a proper look out in accordance with the attending circumstances. (2) Defendant failed to keep his car under control in accordance with said attending circumstances. (3) Defendant failed to observe and comply with the road signs regulating traffic on defendant's right-hand side of the highway."

All of the passengers in the car driven by George M. Wood had attended church on the east side of Route 16. Mr. Wood's son and the two plaintiffs were riding in the back seat of the automobile, and his wife was riding in the front seat with him. After church the five people in the Wood car were driven directly across Route 16 south of the four-lane divided highway to a supermarket on the western side of said highway to meet his daughters who had attended another church. His daughters not being at the supermarket when he arrived, he decided to look for them at the church they had attended which was across the highway on the east side of the highway, the same side as the first church the five people in the Wood car had attended. He turned his car at the parking lot of the supermarket, ran a short distance down the road on some gravel near a telephone booth and then proceeded to cross the four-lane high-

way at its southern end near the point where it merged into the two-lane highway, a few feet in front of the end of the concrete divider located between the two southbound lanes and the two northbound lanes of the four-lane highway.

While the car of Mr. Wood was attempting to cross the highway at this point of merger, the left rear of the car was struck by the defendant's car and the vehicle was knocked across the highway onto the berm on the other side. The front end of the Wood car was near the concrete divider when it was struck. Mr. Wood testified that he looked up and down the highway just before he started across it and saw the defendant driving south toward Crab Orchard at a distance of "565 feet away" from him. He stated that he thought he could get across the road before the defendant got there and that he did not know whether he looked to his left after he started across the road. Mr. Wood was apparently the only person in his car who looked for or saw any approaching traffic. The two guest passengers and his son did not attempt to look for any traffic and did not know anything about the presence of another automobile until they heard a horn blow and felt the crash which followed. The defendant's car was stopped about fifty feet below the end of the concrete divider.

The evidence indicated that there were three road signs located on or along the four-lane highway just above the point of impact. One sign read: "Keep to the Right", another "Do Not Pass" and another, "Divided Highway Ends". The order in which these signs were located on the highway and their distance from each other was in conflict in the evidence, but the fact that they were all present along the four-lane highway was not disputed.

One of the assignments of error is that the defendant failed to observe and comply with these road signs, which is a contention that would appear under the circumstances of the case at bar to have no merit. The first sign "Keep to the Right", depending on where it was located, may have meant to keep on the proper side of the concrete divider of the concrete highway, or to drive in the right

lane of the two lanes of the four-lane highway where passing was allowed, and the "Do Not Pass" sign should only have been located near the end of the four-lane highway where it converged into the two-lane highway. The "Keep to the Right" sign in any event would have no application to the instant case, because if a car was in the right lane near where this accident occurred at the end of the four-lane highway it would be forced to run off the road. In other words, any car driven on the highway at the point this accident occurred would have to be moving into the left lane in order to drive onto the two-lane highway. There is no evidence in this case as to the speed the defendant's car was being driven or that the defendant failed to keep a proper lookout or that he failed to keep his car under control under the circumstances involved.

No evidence was introduced on behalf of the defendant, and the plaintiffs' evidence indicated that the driver of the car in which they were riding saw the defendant's car being driven toward him several hundred feet away and drove out onto the four-lane highway at right angle in front of it, and that his automobile was struck in the left rear by the defendant's automobile. Under the facts and circumstances of this case it would appear that Mr. Wood was guilty of negligence as a matter of law. *Kelly* v. *Henley,* 208 Va. 264, 156 S. E. 2d 618. The plaintiffs did not attempt to recover for their injuries against him inasmuch as they did not make him a party to the action. Even though the plaintiffs apparently did not attempt to ascertain if it was safe to cross the highway in the manner which was done and did not look to see if any traffic was approaching at the time of the crossing, it may be that Mr. Wood's negligence would not bar them from recovery if the defendant was guilty of any negligence. *Carter* v. *Garner,* 204 Va. 153, 129 S. E. 2d 671; *Mills* v. *Wells,* 204 Va. 173, 129 S. E. 2d 705; *Clay* v. *Walkup,* 144 W. Va. 249, 107 S. E. 2d 498. However, in the case of *Clay* v. *Walkup, supra,* the defendant saw the automobile in which the plaintiff was riding some 1500 feet away on the highway and the plaintiff, the guest passenger, yelled to the driver "look out".

It was held in that case that the defendant could have seen the automobile in which the plaintiff was riding getting ready to cross in front of him 1500 feet away and under these circumstances it was a jury question as to whether or not he had his car under proper control. This is not true in the instant case, because there is no evidence that the defendant saw the car in which the plaintiffs were riding until it came out onto the highway from a private parking lot. Then, too, Code 17C-9-4, as amended, requires the driver of a vehicle about to enter or cross a highway from a private road or driveway to yield the right-of-way to all vehicles approaching on the highway. It would appear from the evidence in this case that the driver of the car in which the plaintiffs were riding did not yield the right-of-way to a vehicle approaching on the highway. The plaintiffs rely on the fact that the defendant's automobile was in the left-hand lane of south-bound traffic of a four-lane highway at the time the accident occurred. As heretofore stated, that is the only lane the defendant could have been on and proceeded onto the converging two-lane highway.

In the case of *Stamper* v. *Bannister*, 146 W. Va. 100, 118 S. E. 2d 313, the defendant drove across into the left lane of a four-lane highway and hit a pedestrian in that lane. However, in that case the four-lane highway proceeded as such and did not converge into a two-lane highway. It was stated in that case that had the defendant stayed in the right-hand lane driving west the plaintiff's intestate would never have been struck and killed and that the negligence on the part of the defendant was a jury question.

It appears from the evidence in the case at bar that the plaintiffs have failed to prove any primary negligence on the part of the defendant proximately causing the plaintiffs' injuries, without which there can be no recovery against the defendant. *Holiman* v. *B. & O. R. R. Co.*, 137 W. Va. 874, 74 S. E. 2d 767.

There is no evidence that the defendant did not keep a proper lookout, have his car under proper control and comply with the proper road signs under the circum-

stances of the case at bar, and for these reasons indicated in this opinion, the judgment of the Circuit Court of Raleigh County is affirmed.

*Affirmed.*