# CHARLESTON.

S. H. CHEWNING v. I. H. TOMLINSON *et al.*

(No. 6193)

Submitted January 17, 1928. Decided January 31, 1928.

1. JUSTICES OF THE PEACE—*Justice Court Judgment Against Several Defendants in Tort Action Being Severable, Appeal by One of Two Defendants Does Not Vacate Judgment as to Other Not Appealing (Code, c. 50, §§ 164, 166, 172).*

   A judgment against several defendants in a tort action is severable; and an appeal taken by one only of two defendants against whom such a judgment is rendered by a justice of the peace does not vacate the judgment as to the other not appealing. *Chapin* v. *Babcock*, 67 Conn. 255. (p. 76.)

   (Justices of the Peace, 35 C. J. § 421.)

2. JUDGMENT—*Collection in Full of Judgment Against One Joint Trespasser Satisfies Separate Judgment Against Other for Same Injury, Except as to Costs (Code, c. 136, § 7).*

   The collection in full of a judgment against one joint trespasser, operates as a satisfaction of a separate judgment against another such trespasser for the same injury, except as to costs. Section 7 of Chapter 136, Code, construed. (p. 78.)

   (Judgments, 34 C. J. § 1403 [Anno].)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original proceedings by S. H. Chewning for prohibition to be directed to I. H. Tomlinson and others to prevent enforcing an execution.

*Writ awarded.*

*W. F. Boggess,* for petitioner.
*W. M. La Fon,* for respondents.

HATCHER, JUDGE:

Chewning drove a wagon for Nickells. The wagon collided with Martin's automobile. Martin sued Chewning and Nickells for damages before a justice of the peace, and obtained a

judgment of $42.50 against them. Nickell, alone, appealed from that judgment. In the circuit court a judgment of $30.00 and costs was rendered against him, which he paid. Martin then had the justice credit the judgment in his court against Chewning with $30.00, and issue an execution for, the balance of $12.50. The execution was levied by a constable on the property of Chewning. Chewning obtained from this court a rule against the justice, the constable and Martin to show cause why they should not be prohibited from enforcing the execution.

The position of the petitioner is that the appeal of Nickells set aside the judgment of the justice as to both defendants and transferred the entire case to the circuit court for trial *de novo.* He relies on *Evans* v. *Taylor,* 28 W. Va. 184, and a host of other West Virginia decisions, which do hold that an appeal from the judgment of a justice transfers the controversy to the appellate court for trial *de novo* and operates in legal construction to vacate such judgment and render it ineffectual. However, each citation is a case in which there is only one losing litigant, or if more than one, in which all joined in the appeal. Therefore, those cases have no application to a situation like the one here.

Section 166 of Chapter 50 of the Code provides that where there are two or more defendants "any one or more of them may appeal without joining therein the others." Section 164 requires a bond to be given in order to secure such appeal "with condition to the effect that the person proposing to appeal will perform and satisfy any judgment which may be rendered against him by the circuit court on such appeal"; and section 172 directs that when judgment is rendered in the circuit court against the appellant, the judgment shall be "against the appellant and those who sign the bond." From these sections it appears that the right of appeal is given to one defendant whether his co-defendants appeal or not, and that if the judgment in the circuit court is adverse to such appellant it is against *him* and his sureties, whether it be increased or diminished, and not against his co-defendants in the justice's court. An appeal in such case therefore sep-

arates the appellant entirely from his co-defendants who do not appeal. The cause as to him is removed to the circuit court as effectually as if the case had never been in the justice's court. The result is two separate judgments—a judgment in the justice's court as to the defendants who do not appeal, and a judgment in the circuit court as to the appellant.

No other conclusion is permissible when we consider the function of the bond on appeal. The bond is the security which the statute substitutes in place of the advantage which the plaintiff gains by his judgment. It is because of this security that the judgment is vacated. It is inconceivable that the law would destroy a valid judgment and require nothing in its place. Yet such would be the result if a judgment were vacated in favor of a defendant who gave no bond. The judgment in a joint tort action is both joint and several. Therefore, an appeal by one of two tort-feasors against whom judgment is rendered, vacates the judgment only as to that one. "A judgment against several persons in an action of tort is severable; and an appeal taken by one only of two defendants against whom such a judgment has been rendered by a justice of the peace vacates the judgment only as to the one so appealing." *Chapin* v. *Babcock,* 67 Conn. 255.

The bond of Nickells was security to Martin that Nickells would pay—not that Chewning would pay. There was no security tendered to Martin in lieu of his judgment against Chewning. Therefore, Chewning has nothing upon which to base his contention that the judgment against him was vacated.

While a plaintiff in such case may proceed severally to final judgments, that prerogative does not imply the right to recover multiple remuneration. His damages are entire and single no matter the number who occasioned them. He is privileged to elect which judgment he will collect. The law must consider the judgment so elected as the full measure of his damages. Payment of that judgment in full will be held to make complete reparation for his wrong. When the wrong is repaired, the right of action is gone. Such payment

therefore operates as a satisfaction of the other judgments, except as to costs, unless the general rule is changed in this State by section 7, Chapter 136, Code, which is as follows: "A release to, or an accord and satisfaction with one joint trespasser, hereafter executed or had, shall not inure to the benefit of another such trespasser, and shall be no bar to an action or suit against such other joint trespasser for the same cause of action to which the release or accord and satisfaction relates."

Standing alone the statute would literally imply that even complete reparation by one of several wrongdoers would not prevent the injured party from collecting further damages from the others. As such an implication is contrary to settled law, we look to the history of the statute for enlightenment. Its annals are short. Its adoption was unheralded and its existence unnoted in this Court except for a definition of the word "trespassers" as used therein. See *Leisure* v. *Traction Co,.* 85 W. Va. 346. In the fall of 1868 the Legislature met in extra session for the purpose of considering the tentative Code prepared under its directions partly by Daniel Lamb, Esq., and partly by Judge R. L. BURKSHIRE and Thayer Melvin, Esq. Chapter 136 of that Code was at that time amended by the addition thereto of sections 7, 8 and 9. Sec. 7 of the amendment is Sec. 7 of the present chapter. Sections 8 and 9 of the amendment provided that a release of a tort judgment to one defendant *should inure to the benefit of co-defendants* if in the form, or to the effect of the form, therein set forth; and that only the balance unpaid should be enforced against the other defendants. Sections 8 and 9 of that amendment were omitted from the re-enactment of Chapter 136 in 1882, and were succeeded by the present section 8 (originally passed in 1873, Chapter 57 Acts) which requires contribution by joint tort-feasors. When section 7 is considered in connection with these other sections, it is evident that our lawmakers have never intended that it should be taken literally.

The amendment of 1868 was made upon motion of James H. Ferguson, a prominent lawyer, who was a delegate from Cabell County. See Journal of Extra Session 1868, page 266.

The succeeding Legislature appointed Mr. Ferguson to prepare for publication the Code adopted at the extra session of 1868, which he did. The only marginal reference given to that section by Mr. Ferguson in the Code of 1868 is "2 H. & M. 38". That reference is to the case of *Ruble* v. *Turner et al.*, decided by the Virginia court in 1808, and reported in 2 Henning & Munford 38. That case holds: "A release to one of several persons guilty of a joint assault and battery, or an accord with, and satisfaction received from, one of them, is a bar to the action, as to them all; notwithstanding such release, or acknowledgment of satisfaction, be expressed as applying only to the part which that one took in the trespass; and notwithstanding a proviso that it shall not operate in favor of the trespassers." That decision has been generally disapproved. It deprived the plaintiff, through no fault of his, of the full reparation to which he was entitled. It relieved the defendants, through no merit of theirs, from making the reparation which justice required. It is based on a blind adherence to the letter of the common law with no consideration whatsoever of its spirit. In *Bloss* v. *Plymale,* 3 W. Va. 393, which was decided in 1869, JUDGE BROWN, speaking for this Court, characterized the decision in *Ruble* v. *Turner* as "not only irreconcilable with the current of authorities, but untenable on principle." The "current of authorities" on the satisfaction of a tort flowed in the same general direction in 1868 as now. *Lovejoy* v. *Murray,* 3 Wall. 1 (16-17); *Bloss* v. *Plymale, supra; Snow* v. *Chandler,* 10 N. H. 92; *Knott* v. *Cunningham,* 34 Tenn. 204; *Livingston* v. *Bishop,* 1 Johnson (N. Y.) 289 (290). The reputation of Mr. Ferguson for great legal erudition compels the inference that he was thoroughly familiar with the law in this regard. No reason appears why he or the Legislature of 1868 should seek to upturn principles so generally established and so obviously founded on justice. As the proponent of the statute he of course knew its purpose. Prior to 1868 *Ruble* v. *Turner* was not treated as a leading case in Virginia on the subject which it treats. *Ammonett* v. *Harris,* 1 H. & M. 488, and *Wilkes* v. *Jackson,* 2 H. & M. 355, are cases thereon which were more frequently

referred to by the Virginia Court than *Ruble* v. *Turner.* The statute is the very antithesis of that case.    Therefore the marginal reference thereto by Mr. Ferguson can not be considered casual.    Some significance must be accorded that reference.    The one which seems most reasonable to us is, that the reference points to the purpose of the statute.    If that be so, then its primary object was to nullify the binding effect of *Ruble* v. *Turner* on the courts of this State, rather than to change the general law on this subject.

We accordingly construe the statute to have no reference to the effect the payment of a judgment by one trespasser will have on a separate judgment .against a joint trespasser for the same injury.    The acceptance by Martin of the payment in full of his judgment against Nickells therefore operates as a satisfaction of his judgment against Chewning.    Costs in the trial before the justice are not involved.    The justice is accordingly without jurisdiction in the matter, and the writ will issue.  ·

*Writ  awarded.*