NEW RIVER & POCAHONTAS CONSOLIDATED COAL COMPANY, *A Corporation v.* HONORABLE J. W. EARY *et. al.*

(No. 7917)

Submitted April 26, 1934.   Decided May 15, 1934.

*Dillon, Mahan & Holt,* for petitioner.
*Hubard & Bacon,* for respondent C. W. Duncan.

HATCHER, JUDGE:

For damages for the death of his wife from contact with an electrically charged wire fence, C. W. Duncan, as her administrator, brought an action at law against Appalachian Electric Power Company. Pending trial of that action, the Power Company paid the administrator $6,000.00 and he (with the written consent of all the distributees of the deceased) executed a release discharging the Power Company of all the claims and demands asserted against it in said action. Following that compromise, the administrator brought a like action against New River & Pocahontas Consolidated Coal Company. The Coal Company pleaded in bar the settlement in the first action. The pleas were rejected, and the action was tried before a jury, which returned a verdict in favor of plaintiff for $7,000.00. The circuit court required plaintiff to remit $3,000.00 of the verdict and then entered judgment against the coal company for $4,000.00. Upon a writ of error to this Court, the entire quantum of the verdict was sustained on the ground that a *remittitur* must be based on evidence before the jury, and neither the payment of the Power Company nor other evidence to sustain a *remittitur* was before the jury. See *Duncan* v. *Coal Company,* (decided November 28, 1933) 114 W. Va. 388, 174 S. E. 370. An execution was awarded on the judgment, and this is a

proceeding to prohibit its enforcement.

1. Petitioner contends that the compromise of the administrator with the Power Company "must be treated as a judgment recovered", relying on Code 1931, 55-7-7, and as a judgment satisfied, it is a bar to the instant judgment, under *Chewning* v. *Tomlinson,* 105 W. Va. 76, 141 S. E. 532. The section relied on authorizes such a compromise and provides, "what is received by the personal representative under the compromise shall be treated as if recovered by him in an action under the section last mentioned." That section is 55-7-6, and directs that "the amount recovered in every such action shall be distributed to the parties and in the proportion provided by law in relation to the distribution of personal estate left by persons dying intestate." It is apparent that the treatment required in 55-7-7 of "what is received" in a compromise, relates solely to the distribution of the fund and not to the character of the compromise itself. We held in relation to this compromise in *Duncan* v. *Coal Company, supra*: "This was not a legal adjudication of the amount of the plaintiff's damages; in spite of the form that it took under the statute, the proceeding was nothing more nor less than a compromise settlement effected in the statutory form." *Res judicata.*

The Coal Company has done nothing so far to merit a discharge from liability. Until it does, or the plaintiff is otherwise *fully satisfied under the law,* its liability remains, unaffected by the settlement with its co-trespasser. *Lovejoy* v. *Murray,* 3 Wall. 1, 17, 18 L. Ed. 129. "Joint tort-feasors are solidarily liable, and the party injured may sue one or both, as he chooses, and it is no benefit to the one or the other that an action to which he was not made a party has been compromised so long as the full compensation to which the plaintiff is entitled has not been paid." *Johnson* v. *Legeai,* (La.) 84 So. 505, 507. Accord: *Griffie* v. *McClung,* 5 W. Va. 131.

2. Petitioner further contends that the settlement of the administrator with the Power Company, an alleged joint tort-feasor of petitioner, is either full reparation or reparation *pro tanto* for the alleged wrong. The law

is well established in America that a tort is integral and indivisible; that the plaintiff's damages "are entire and single no matter the number who occasioned them," *Chewning* v. *Tomlinson, supra,* page 78 of 105 W. Va.; and that he can have but one satisfaction for a joint wrong, 5 Stand. Ency. Procedure, page 102. One wrongful act—one full recovery.

Respondent C. W. Duncan does not question that law but takes the positions (a) that the compromise settlement should have been introduced before the jury in mitigation of damages, which was not done; and (b) that petitioner's failure to do so constituted a waiver of the right and petitioner is now estopped to assert it.

(a) The compromise could have been properly presented to the jury in mitigation of damages had the Coal Company so elected. 17 C. J. 929. We practically said so in *Duncan* v. *Coal Company, supra.* However, we are of opinion that such presentation was optional with the Coal Company. We realize that in many cases a defendant would be prejudiced by evidence before a jury of a settlement—a virtual admission of negligence —by a joint tort-feasor. Suppose in this case the compromise had been submitted to the jury. The jury would have been prone to say that in the conduct of a joint enterprise the admission of negligence by one implied the negligence of both. It would have been natural for the jury to compare the negligence of the Power Company with that of the Coal Company, and in estimating the amount to assess the latter, to have been influenced by the sum paid by the former. Yet neither the damages nor the negligence is divisible. A clear summation of the law hereon is given in 64 C. J., subject Trial, sec. 887, as follows: "In the absence of a statute to the contrary, damages cannot be apportioned among joint tort-feasors, for the sole inquiry open is *what damages has plaintiff sustained,* not who ought to pay them. Discrimination according to the relative enormity of the acts is not permitted."

It is contended that improper verdicts could be prevented by instructions of the court. Theoretically yes;

but statements of the law governing the relationship and responsibility of joint tort-feasors are somewhat involved, and, in practice, the average jury would be as much confused as enlightened by such instructions.

(b)  Respondent relies on the established rule that, ordinarily, failure to make a permissible defense to an action bars such defense in a subsequent suit between the parties. The compromise herein was *no defense* (in a technical sense) for the Coal Company. "A release to * * * one or more joint * * * tort-feasors shall not inure to the benefit of another such * * * tort-feasor."  Code 1931, 55-7-12. In plain words, a release to one joint tort-feasor does not (of itself) release another.  Since the compromise was not a defense for the Coal Company, its failure to present that settlement to the jury in the former case, does not bring it within the rule proposed by the respondent. Furthermore, the rule of "law of the case" is specifically excluded from this proceeding. We held in the other case: "The question of whether or not the settlement with the Power Company may be shown in discharge *pro tanto* of the judgment recovered * * * against the defendant here, when that judgment is attempted to be collected is not now decided, because it is not before us. We are simply deciding that the matter being set up only in the two special pleas which were properly rejected * * * can have no effect whatever upon this case."  An issue held to be not properly before the court and left expressly undetermined, may be raised in further proceedings between the parties. Black's Law of Judicial Precedents, sec. 87.

While, under the statute, the release (as such) of one joint tort-feasor does not affect the basic liability of another, the statute does not prevent *actual payment* by one from inuring to another's benefit. We so held in *Chewning* v. *Tomlinson, supra,* pp. 79, 80, 81 of 105 W. Va. "It is well settled that * * * partial satisfaction by one of several wrongdoers is a satisfaction, *pro tanto,* as to all."  *Bank* v. *Curtiss,* 37 Barb. (N. Y.) 317.  To hold otherwise would entitle the injured party to multi-

ple satisfaction—a surfeit not permitted by law. *Bloss v. Plymale,* 3 W. Va. 393, 409.

The $7,000.00 must be regarded at law as the sum which will *fully satisfy* the plaintiff as that sum was set by the jury without knowledge of any other source of compensation. He has already received $6,000.00. It follows that $1,000.00 more (with interest) will complete his compensation. Prohibition is the proper remedy. *Chewning v. Tomlinson, supra.* A writ will accordingly issue prohibiting the collection of a greater amount.

*Writ issued.*