ADA HARDIN

*v.*

THE NEW YORK CENTRAL RAILROAD
COMPANY, *a corporation*

—AND—

J. C. HARDIN

*v.*

THE NEW YORK CENTRAL RAILROAD
COMPANY, *a corporation*

(No. 12017)

Submitted September 20, 1960. Decided October 25, 1960.

*Kay, Casto & Chaney, Robert H. C. Kay, George S. Sharp,* for plaintiff in error.

*J. Campbell Palmer, III,* for defendants in error.

BERRY, JUDGE:

These two actions are actions of trespass on the case instituted by the plaintiffs, Ada Hardin and J. C. Hardin, against The New York Central Railroad Company, a Corporation, in the Court of Common Pleas of Kanawha County, West Virginia, consolidated and tried together by agreement of the parties and order of the Court. The jury returned a verdict for Ada Hardin in the amount of $1000.00 and a verdict for J. C. Hardin in the amount of $500.00. Neither the plaintiffs nor the defendant moved the Court to set aside the verdict and award them a new trial, and specifically stated that they did not desire to do so. However, the defendant, by counsel, moved the Court to reduce the amount of the verdict in each case by the sum of $500.00, in order to comply with a stipulation entered into by the parties during the trial and read to the jury before arguments of counsel were made and to render a judgment for Ada Hardin against The New York Central Railroad Company, a Corporation, for $500.00 and costs, and to render a judgment for The New York Central Railroad Company, a Corporation, in the case of J. C. Hardin against it, the Railroad Company, which motion was overruled by the trial court and judgment was en-

tered by the trial court for each of the plaintiffs in the consolidated actions for the full amount of the verdicts of the jury.

The defendant petitioned the Circuit Court of Kanawha County for a writ of error and supersedeas which was refused by said Court on November 17, 1959, and thereupon petitioned this Court for a writ of error and supersedeas which was granted February 15, 1960.

These actions arose out of an accident involving an automobile owned and operated by Z. G. Huffman, Jr. in which the plaintiff, Ada Hardin, was riding as a guest passenger on February 15, 1957, when it collided with a train of The New York Central Railroad Company at the Elizabeth Street crossing in the City of Charleston, Kanawha County, West Virginia.

The plaintiff, Ada Hardin, instituted her action for alleged injuries received as a result of the accident, alleging that they were caused by the negligence of the defendant, The New York Central Railroad Company, a Corporation. The action of J. C. Hardin, husband of Ada Hardin, is for medical and hospital expense and loss of service of his wife as the result of the same accident.

The insurance company which carried public liability and property damage insurance on the automobile owned by Z. G. Huffman, Jr., at the time of the accident, negotiated a settlement in the amount of $500.00 with each of the plaintiffs, Ada Hardin and J. C. Hardin, for all claims which they might have against Huffman, and obtained a release for same. No evidence was introduced during the trial of these cases with regard to these settlements. However, just before the arguments of counsel were made to the jury, counsel for the defendant stated that they desired to have the jury told that the plaintiffs had made a settlement of their possible tort claims against Huffman by accepting a sum of $500.00 each and executing to him a release. The attorney for the plaintiffs ob-

jected to this being done at that time on the ground that it came too late and would require reopening of the case in order to introduce evidence to such effect. However, after the attorney for the defendant agreed to the stipulation of certain facts with regard to this matter in order to comply with certain objections made by the attorney for the plaintiffs as to details, the stipulation in question was entered into by the attorneys for the parties and reads as follows: "It is stipulated and agreed between counsel that prior to the trial of this case that Mr. Huffman's liability insurance company without the knowledge of Mr. Huffman and before any claim was filed by Mr. and Mrs. Hardin against either Mr. Huffman or his insurance carrier, paid Mr. and Mrs. Hardin $500.00 each in consideration for a release of any and all possible claims arising from or by reason of this accident, and that the release of one possible joint tort-feasor does not release the other and has no effect in this case other than if the jury should return a verdict for either or both plaintiffs, the amount of such verdict will be reduced by the amount of such settlement received."

After the stipulation was entered into, the trial court adjourned for lunch, and when the attorneys returned from lunch, counsel for the plaintiffs advised the Court that he had been mistaken as to the law when the stipulation had been made and asked to have the stipulation changed so that it would read that in the event the jury decided to return a verdict in favor of the plaintiffs, it *might* consider the amounts of the settlements in the mitigation of any damages which it might award the plaintiffs. Counsel for the defendant objected to any changes being made in the stipulation, on the ground that it was correct and that if it should be changed in any manner the jury should be told that in arriving at any verdict, it *should* deduct therefrom the $500.00 paid to each plaintiff in the event it found that the plaintiffs were entitled to recover.

After considerable discussion with regard to this matter, the trial court asked the attorneys for the parties whether they intended to . tell the jury that it *will* deduct from whatever it may find the sum of $500.00 in each case, or ,whether they were telling the jury that after its verdict was brought in, the court would reduce the verdict in the amount of $500.00 in each case, if the verdict was in favor of the plaintiffs.

Counsel for the plaintiffs answered this question by saying that although he did not want to be bound he was under the impression that the law was that whether or not the court told the jury about the settlement, the amount of $500.00 would be deducted in each case if a verdict was returned in favor of the plaintiffs, and before the entry of a judgment by the court. He stated, however, that he had· changed his opinion with regard to the law dealing with the matter, and that the jury should be told that it *may* consider such settlement in mitigation of damages. Counsel for the defendant then stated that· they had no objection to the court telling the jury that in arriving at the verdict it should take into consideration and deduct therefrom the $500.00 paid to each plaintiff in the event it found that the plaintiffs should recover in any amount. Counsel for the plaintiffs contended that this was improper because it told the jury that it *must* deduct the amounts of the settlements instead of telling it that it *may* consider them in mitigation of damages. These statements contained in the record clearly point out the difference in the contentions of the parties with regard to the law relating to this matter.

The stipulation, as originally dictated by counsel for the plaintiffs, set out above, was read to the jury without any change made therein, the attorneys being unable to agree as to how it should be changed.

The law in this. state is that the release of one joint tort-feasor does not release other joint tort-feasors. *Bloss v. Plymale et al.,* 3 W. Va. 393, *Leisure v. Monon-*

*gahela Valley Traction Co.,* 85 W. Va. 346, 101 S. E. 737; *Duncan v. New River & Pocahontas Consolidated Coal Company,* 114 W. Va. 388, 174 S. E. 370; *New River & Pocahontas Consolidated Coal Company, a Corporation v. Eary, et al.,* 115 W. Va. 46, 174 S. E. 573; *Rice v. Builders Material Co.,* 120 W. Va. 585, 2 S. E. 2d 527; Code, 55-7-12.

A plaintiff who has a cause of action against joint tort-feasors is entitled to full satisfaction, but is entitled to only one satisfaction, and if one joint tort-feasor makes a settlement with the plaintiff the amount of the settlement, if presented properly during the trial or after the trial, should be deducted either by the jury or by a court. *Bloss v. Plymale et al.,* 3 W. Va. 393; *New River & Pocahontas Consolidated Coal Company, a Corporation v. Eary, et al.,* 115 W. Va. 46, 174 S. E. 573; *Clay v. Walkup,* 144 W. Va. 249, 107 S. E. 2d 498.

It was held in the case of *Chewning v. Tomlinson,* 105 W. Va. 76, 141 S. E. 532, that the payment of a judgment in full is a complete reparation for the wrong and such payment operates as a full satisfaction of other judgments, except as to costs.

If a compromise settlement is made by one joint tort-feasor and a release obtained thereby, although it does not release other joint tort-feasors as to the entire claim for damages, it is well settled that such payment by one joint tort-feasor is a satisfaction *pro tanto,* as to all. *New River & Pocahontas Consolidated Coal Company, a Corporation v. Eary, et al,* 115 W. Va. 46, 174 S. E. 573. *Pro tanto* means "for so much". See Black's Law Dictionary, Fourth Edition, Page 1364. Therefore, where a partial payment is made by one joint tort-feasor, other joint tort-feasors shall be given credit for that much thereof in the satisfaction of the wrong.

There are several methods of disposing of partial settlements made by one joint tort-feasor and using a release obtained thereby. One method is by introduc-

ing evidence of the settlement and the amount thereof during the trial of the case and then having the trial court instruct the jury that it *must* deduct such sum. This is clearly set out in the case of *Bloss v. Plymale,* 3 W. Va. 393, 409, wherein this Court stated: "It follows then if the damages are satisfied in part by payment or compromise with some of the defendants, the plaintiff may still proceed against those who remain in the record. And in such case it was but right and proper that the jury should deduct in their finding whatever sum the plaintiff had already received on account of the alleged trespasses from any of the joint parties, who were afterwards dismissed. This would be the just application of the rule that there cannot be a double remuneration for the same wrong."

Another method is to introduce no evidence with regard to such payment during the trial of the case and make no reference thereto; and after the verdict is returned and judgment entered thereon the defendant may take advantage of such payment when an attempt to satisfy the judgment is made. This method is perhaps advantageous to the defendant in most cases, because the jury might be prejudiced by evidence of the settlement, using it as a virtual admission of negligence by action of the joint tort-feasor. *Duncan v. New River & Pocahontas Consolidated Coal Company,* 114 W. Va. 388, 174 S. E. 370; *New River & Pocahontas Consolidated Coal Company, a Corporation v. Eary, et al.,* 115 W. Va. 46, 174 S. E. 573.

Still another method is by stipulation of the parties that the amount of the settlement made by one of the joint tort-feasors should be used as a credit and deducted from the amount of the jury's verdict by the Court when entering judgment on such verdict. *Clay v. Walkup,* 144 W. Va. 249, 107 S. E. 2d 498. Obviously, as in the present case, it would be preferable not to tell the jury of this stipulation to avoid the possibility of an accidental double deduction.

In the case at bar the last method was attempted to be used. It is true that counsel for the plaintiffs

initially objected to the settlement being used in any manner, because the request by counsel for the defendant for the use of such settlement came too late. However, it is clear that counsel for the plaintiffs waived any such objection when the defendant's counsel agreed as to the facts to be stipulated, which, at the time, met with approval of counsel for the plaintiffs, and he dictated the stipulation. It was only after the stipulation had been dictated and the trial court had convened after a recess for lunch that plaintiffs' counsel stated to the court that he had been mistaken as to the law when the stipulation was dictated, wherein it was stated that the amount of such verdict would be reduced by the amount of such settlement. It was the contention of plaintiffs' counsel that the case of *New River & Pocahontas Consolidated Coal Company, a Corporation v. Eary, et al., supra,* was authority that the jury may take the settlement into consideration in mitigation of damages and that it was not mandatory for the jury to do so.

Counsel for the defendant objected to such change on the ground that it was not the law with regard to such matter, that the stipulation, as dictated and agreed upon, was correct, and that it was mandatory that the verdict be reduced by the court in the amount of such settlement. However, defendant's counsel stated that he had no objection to the court telling the jury that there had been a misunderstanding, and, in arriving at its verdict, it should take into consideration and deduct therefrom the $500.00 heretofore paid to each of the plaintiffs, in the event it found the plaintiffs were entitled to recover in any amount. This was objected to by counsel for the plaintiffs, who stated that the error in such statement or instruction was that the court was telling the jury that it *must* deduct the amount of the settlement, and not that it *may* consider it in mitigation of damages.

The statement suggested by counsel for the defendant to be given by the court to the jury was a correct statement of law, and the contention of plaintiffs'

counsel that it was merely permissible on the part of the jury to give consideration to such settlement, was not correct. *Bloss v. Plymale,* 3 W. Va. 393; *New River & Pocahontas Consolidated Coal Company, a Corporation v. Eary, et al., supra.* If this statement suggested by defendant's counsel had not been objected to by counsel for plaintiffs and given to the jury, there would have been no question as to the proper disposition of the matter involved in this case. The rule is clearly stated in the case of *Bloss v. Plymale, supra,* wherein the Court said it should be done and in the *Eary* case the same thing is indicated, wherein the Court stated: ''The compromise could have been properly presented to the jury in mitigation of damages had the coal company so elected.'' The expression, ''mitigation of damages'', used by the Court, merely means the reduction thereof. See Black's Law Dictionary, Fourth Edition, page 1153.

When the stipulation used in this case was made, counsel for the plaintiffs was under the impression that the court would deduct the amounts of settlements from the verdicts. That was the contention of defendant's counsel in the trial court after the verdict was returned, as indicated by motions made on behalf of the defendant. It was the contention of the defendant in the Intermediate Appellate Court of Kanawha County, the Circuit Court of Kanawha County, and is the contention of the defendant in this Court.

The language of the stipulation used in this case is clear and reads as follows: ''The amount of such verdict will be reduced by the amount of settlement received.'' It did not say that the jury could take the settlement into consideration in arriving at its verdict. The verdict could not be reduced until it had been returned by the jury. This is what was done in the case of *Clay v. Walkup, supra,* and is what should be done in the case at bar.

For the reasons stated herein, the judgments of the Court of Common Pleas of Kanawha County and the Circuit Court of Kanawha County are reversed.

The verdicts of the jury are approved as returned and the case is remanded to the Court of Common Pleas of Kanawha County with directions to credit each verdict in the amount of $500.00, in accordance with the provisions of the stipulation entered into by the parties and to enter judgment for the difference in each case.

*Judgments reversed, with directions.*