HERBERT H. GROVES, EXECUTOR, *etc.*

*v.*

LEROY (A.K.A. LARRY) WAYNE COMPTON

(No. 14927)

Decided July 29, 1981.

*Timothy R. Ruckman, Ruckman and Vaughan, Dan O. Callaghan, Callaghan & Callaghan,* for appellant.

*Jack A. Mann* for appellee.

MILLER, JUSTICE:

Herbert Groves, as executor of his wife's estate and the plaintiff below, appeals an adverse jury verdict on a wrongful death claim arising out of an automobile accident. While a number of errors are assigned, only a few are argued on appeal. The most persuasive error relates to the testimony of the officer who investigated the accident concerning his statement that he arrested one of the parties on a charge of negligent homicide. Another error argued relates to the claimed prejudicial handling of the settlement which the plaintiff received from a joint tortfeasor and defense counsel's argument to the jury in connection with the dismissal of that party. We reverse the judgment on these grounds for the reasons hereinafter set out.

The plaintiff's decedent was a passenger in an automobile owned by Mr. Perkins and driven by his wife on State Route 39 near Summersville, West Virginia. The Perkins' car collided with an automobile operated by Leroy Compton. Suit was instituted against Mr. and Mrs. Perkins and Mr. Compton. Prior to trial, the Perkins' insurance carrier settled with the plaintiff for the sum of $25,000 and the Perkins were dismissed from the action.

At a pretrial conference, both counsel for the plaintiff and the defendant Compton met with the trial court to discuss how the $25,000 settlement should be handled. Plaintiff's counsel wanted to advise the jury that the Perkins had been dismissed from the action upon payment of the limits of their insurance policy, which limit was $25,000. The defendant's attorney did not want the jury informed of the settlement figure but wanted to use the settlement as an offset against any ultimate verdict. The trial court ruled that under *Butler v. Smith's Transfer Corp.*, 147 W. Va. 402, 128 S.E.2d 32 (1962), the defendant had the election as to how the settlement figure should be handled and consequently ruled there would be no disclosure of the settlement to the jury. At the opening of

the trial, the jury was informed only that the Perkins had been dismissed from the suit.

During the course of the trial, the investigating officer, Trooper McCormick, was called by the defense attorney to testify as to the results of his investigation at the accident scene. On redirect examination, the officer was asked over the plaintiff's objection if it were "not true that you charged Mrs. Perkins with involuntary manslaughter?" The officer responded that it was not involuntary manslaughter but negligent homicide. The plaintiff's counsel again objected and moved that the answer be stricken from the record, which the trial court declined to do.

The defense counsel during his closing argument referred to Trooper McCormick's testimony that he had arrested Mrs. Perkins for negligent homicide and suggested that she was the party responsible for the entire accident. He also stated that the reason the Perkins had been dismissed from the action was that Mrs. Perkins was a close friend of the plaintiff Groves family. Plaintiff's counsel objected to both comments and moved the trial court to permit the jury to be informed that the reason the Perkins had been dismissed from the suit was their settlement with the plaintiff. The trial court denied this motion. The jury returned a verdict for the defendant Compton.

I.

We have recognized that it is ordinarily error to permit evidence of the arrest for or conviction of an offense arising out of the conduct of a party which is the basis of a civil action for negligence. *Thornsbury v. Thornsbury*, 147 W. Va. 771, 131 S.E.2d 713 (1963); *Moore v. Skyline Cab, Inc.*, 134 W. Va. 121, 59 S.E.2d 437 (1950); *Utt v. Herold*, 127 W. Va. 719, 34 S.E.2d 357 (1945); *Interstate Dry Goods Store v. Williamson*, 91 W. Va. 156, 112 S.E. 301 (1922).[1] In Syllabus

---

[1] We have also recognized in these cases that a conviction based on a plea of guilty is admissible since such guilty plea constitutes an admission against interest.

Point 8 of *Thornsbury, supra,* we extended this rule to cover a statement by an investigating officer to the effect that he did not prefer charges against one of the parties involved in an accident:

"In a civil action to recover damages for personal injury or death resulting from the operation of a motor vehicle upon a public highway, it is error for the trial court to permit the investigating officer, in response to a question by defense counsel and over objection of the plaintiff, to state that he did not prefer a criminal charge against the defendant driver as a consequence of the accident from which the civil action arose."

In *Thornsbury* we indicated the underlying impropriety of such questions is that they "are designed indirectly to convey to the jury an impression of the officer's opinion that the driver was or was not at fault. . . ." 147 W. Va. at 785, 131 S.E.2d at 722. The issue in *Thornsbury* was non-arrest and, therefore, lack of fault. Here, we have the reverse side of the coin: evidence of an arrest suggesting fault for the underlying accident.

Most jurisdictions conclude that it is improper to introduce evidence of the arrest of a party to a motor vehicle accident in a subsequent civil suit for damages arising out of the accident. Two reasons are commonly advanced. First, the arrest is not dispositive of the issue of negligence and is, therefore, irrelevant. Second, the statement of such a fact by the investigating officer is an implication of fault which is an impermissible conclusion invading the ultimate issue that the jury must decide. *R. C. Bottling Co. v. Sorrells,* 290 Ala. 187, 275 So.2d 131 (1973); *Shirey v. Woods,* 118 Ga. App. 851, 165 S.E.2d 891 (1968); *Giles v. Kuennen,* 50 Ill.App.2d 389, 200 N.E.2d 143 (1964); *Kirby v. Larson,* 400 Mich. 585, 256 N.W.2d 400 (1977); *Eastern Express v. Food Haulers,* 445 Pa. 432, 285 A.2d 152 (1971); *Switzer v. Johnson,* 432 S.W.2d 164 (Tex. Civ. App. 1968); *Warren v. Hart,* 71 Wash.2d 512, 429 P.2d 873 (1967); Blashfield, *Automobile Law and Practice,* Trial Evidence §425.1 (1977); 8 Am.Jur.2d *Automobiles & Highway Traffic* § 1030 (1980); 65A C.J.S. *Negligence* §239 (1966). In view of

the fact that the question concerning Mrs. Perkins' arrest was asked several times to the investigating officer over plaintiff's counsel's objection and was stressed in the defense counsel's argument to the jury, we are of the view that reversible error was committed.[2]

## II.

In *Hardin v. New York Central R. Co.*, 145 W. Va. 676, 116 S.E.2d 697 (1960), we outlined several different methods of handling the amount of a settlement paid by a joint tortfeasor, which payment may be used as a credit on the amount found to be owed by another joint tortfeasor.[3] The jury can be informed of the amount of the settlement and instructed that they must deduct this amount from their award of damages. Another approach is to make no reference to the settlement; and, after the verdict is returned and judgment entered, the defendant may utilize the settlement figure "when an attempt to satisfy the judgment is made." 145 W. Va. at 682, 116 S.E.2d at 701. Finally, by stipulation of the parties, the amount of the settlement can be used as a credit and deducted from the amount of the jury verdict. This method would presuppose that the jury is not informed of the settlement amount so that the possibility of a double deduction is avoided.

The approaches listed in *Hardin* are not exhaustive, at least from the standpoint of who should have the power or right to select the particular approach.[4] We believe that the

---

[2] Most courts have recognized that such error may be cured by an admonition or instruction to the jury to disregard the testimony in the absence of other aggravating circumstances. *E.g., Fidelity & Cas. Co. of N.Y. v. Talbot*, 234 F.2d 425 (5th Cir. 1956); *Crossley v. Collins*, 128 Ga. App. 889, 198 S.E.2d 428 (1973); *Ilins v. Burns*, 388 Mich. 504, 201 N.W.2d 624 (1972). No such admonition was given in the present case.

[3] The reason for permitting the credit is that joint tortfeasors are jointly and severally liable to the plaintiff so that a payment by one operates as a *pro tanto* satisfaction for all. *New River & Pocahontas Consolidated Coal Company v. Eary*, 115 W. Va. 46, 174 S.E. 573 (1934).

[4] It is clear from *Hardin* and our related cases that there are two basic approaches to disclosure of a settlement figure: (1) to advise the jury of the amount and instruct them to deduct it from their verdict; and (2) to not advise the jury and subtract the amount from their

trial court may on its own initiative, if the parties are unable to agree, determine the appropriate method of handling the settlement credit as against the jury verdict. *Degen v. Bayman,* 86 S.D. 598, 200 N.W.2d 134 (1972). It is often overlooked that a settlement by one joint tortfeasor involves two problems. The first is the one most generally discussed: how is the settlement figure to be credited against the jury verdict rendered against the remaining joint tortfeasor? Another issue often overlooked is how to deal with the fact that the absent party has been dismissed from the case as a result of the settlement.

Neither our cases[5] nor those from other jurisdictions relating to the handling of the settlement by one joint tortfeasor discuss the question of what should be done by way of advising the jury concerning the dismissed party.[6]

We also recognized in *Butler v. Smith's Transfer Corp.,* 147 W. Va. at 408, 128 S.E.2d at 37, in reference to disclosure of settlement options "that such presentation is optional with the defendant," and cited *New River & Pocahontas Consolidated Coal Co. v. Eary,* 115 W. Va. 46, 174 S.E. 573 (1934). The discussion in *Eary* was limited to the question of whether the nonsettling joint tortfeasor, by its failure to disclose the settlement figure to the jury, waived the right to claim the benefit of the settlement at a later time. We held it did not.

The present case demonstrates the flaw in putting the option in one party to make the ultimate determination of how the disclosure of the settlement should be handled.

verdict. This is the general rule elsewhere. See Annot., 94 A.L.R.2d 352 (1964).

[5] *E.g., Butler v. Smith's Transfer Corp.,* 147 W. Va. 402, 128 S.E.2d 32 (1962); *Hardin v. New York Central R. Co.,* 145 W. Va. 676, 116 S.E.2d 697 (1960); *New River & Pocahontas Consolidated Coal Co. v. Eary,* 115 W. Va. 46, 174 S.E. 573 (1934).

[6] Cases involving settlement by one joint tortfeasor are collected in an Annotation in 94 A.L.R.2d 352 (1964). The *Uniform Contribution Among Tortfeasors Act,* 12 Uniform Laws Annotated, p. 57 (1975), which has been adopted to some extent by nineteen states, contains no comment as to how the dismissed party is handled. The *Uniform Act* recommends that the settlement figure should not be disclosed to the jury but credited against its verdict.

The defense counsel prior to trial elected not to have the settlement disclosed to the jury. However, in his closing argument, he stated the reason the Perkins were not in the case was that they were friends of the plaintiff. At this point, he conveyed a false impression to the jury since the reality was that the Perkins were dismissed because of their prior settlement with the plaintiff.

When the plaintiff's attorney asked for the right to clear up the misstatement, the trial court refused his request to tell the jury that the Perkins had been dismissed from the case because of a settlement. This denial was damaging to the plaintiff's case because it suggested an incorrect reason for the Perkins' dismissal and was contrary to the initial election or stipulation by the defendant that no mention would be made of the Perkins' settlement. We have held that stipulations once made are binding. *Spence v. Steinbrecker*, 152 W. Va. 490, 164 S.E.2d 710 (1968); *Butler v. Smith's Transfer Corp., supra; Hardin v. New York Central R. Co., supra.*

We also recognized, as have other courts, that it is improper for counsel to argue to the jury why a party has not been brought into the lawsuit or that an absent party is solely responsible for the accident since the evidence surrounding such absent party's liability has not been fully developed. *City of Wheeling v. John F. Casey Co.*, 74 F.2d 794 (4th Cir. 1935), *cert. denied*, 296 U.S. 593, 80 L.Ed.2d 420, 56 S.Ct. 106; *Gilbert v. Gulf Oil Corporation*, 75 F.2d 705 (4th Cir. 1949); *Mulvey v. Illinois Bell Telephone Co.*, 53 Ill.2d 591, 294 N.E.2d 689 (1973); *Rapacki v. Pabst*, 80 Ill.App.3d 517, 400 N.E.2d 81 (1980).

We acknowledge that there is a measure of latitude accorded counsel in their closing arguments. *Crum v. Ward*, 146 W. Va. 421, 122 S.E.2d 18 (1961). In the present case, we find that it was error for the defense counsel to state the reason the Perkins were not in the lawsuit was that they were friends of the plaintiff. This action was contrary to the defense counsel's initial stipulation. The error would have been cured if the trial court had permitted plaintiff's counsel to answer this argument by stating the true facts: the Perkins had been dismissed because of their settlement

with the plaintiff. However, the trial court refused to permit this responsive argument.

We conceive that in the absence of a written stipulation by the parties, the better rule is to leave the question of the manner of handling the offset occasioned by the settlement by a joint tortsfeasor, as well as the manner of informing the jury that such party has been dismissed from the lawsuit, to the sound discretion of the trial court. There are two basic methods available for utilizing the offsetting settlement figure. The jury may be informed of the settlement figure before it retires to deliberate and instructed that if it finds a verdict for the plaintiff, it should deduct from the verdict the settlement amount. The other approach is to refrain from disclosing the settlement amount to the jury and upon their return of a verdict awarding damages the trial court deducts the settlement figure from the award before entering the judgment. In regard to informing the jury as to the dismissal of the party who has settled, we do not believe that any fixed rule can be set except to state that neither counsel should be permitted to take unfair advantage of the settlement and dismissal in presenting and arguing their case.

For the foregoing reasons, we reverse the judgment of the circuit ciurt and remand the case for a new trial.

*Reversed and remanded.*