371 S.E.2d 175

Jessie **TEMPLETON**

v.

Virgil **TEMPLETON**.

No. 17970.

Supreme Court of Appeals of
West Virginia.

July 18, 1988.

John S. Kaull, Jones, Williams, West &
Jones, Clarksburg, for Jessie Templeton.

Timothy Sweeney, Sweeney and Troisi,
St. Marys, for Virgil Templeton.

PER CURIAM:

The wife appeals from a final order of
the Circuit Court of Tyler County which
confirmed the special divorce commission-
er's amended report over her objection and
granted a divorce on the grounds of one-
year separation as alleged in the husband's
counterclaim. On appeal, the wife asserts
that the circuit court's order is contrary to
law and the evidence and reflects a bias
against the wife. We affirm the circuit
court.

The final order of divorce provided that the wife would receive $350.00 per month in permanent alimony and $400.00 per month for one year as additional alimony. The husband was required to keep the wife on his medical and hospitalization insurance at his place of employment, but that if such insurance was not available, the husband was to pay additional alimony in the sum of $100.00 per month in lieu of the insurance. The parties were given six months to resolve the division of the real estate, but failing such an agreement, the Sheriff of Tyler County was ordered to sell the real estate and divide the proceeds equally between the parties. Moreover, the circuit court ordered a division of the personal property between the parties, awarded the wife the entirety of $13,894.54 consisting of cash in banks and credit unions, ordered the husband to pay the wife a cash payment in the amount of $3,065.23 to equalize distribution of marital property, and assessed attorney fees and court costs against the husband.

Our review of the record shows that the wife originally filed for divorce in June 1983, and the husband filed an answer and counterclaim in August 1983. A final hearing was scheduled by the circuit court on November 17, 1983, at which time several hours of testimony were taken, but the evidence was not completed. Afterward, the trial court appointed a special divorce commissioner to review the transcript and complete the case.

In August 1984, the husband objected to the court's appointee because he was a social acquaintance of the wife. The circuit court then appointed another special divorce commissioner, but the wife objected to this appointee because he was a very distant blood relative of the husband. However, on November 21, 1984, the circuit court confirmed this second appointment.

The special divorce commissioner set the case for hearing on December 20, 1984, but it was rescheduled for January 11, 1985. It appears that a transcript of the November 1983 hearing had not been completed. In a letter of January 4, 1985, the commissioner informed the parties that he had not received a transcript of the November 1983 hearing and stated that a 1985 hearing scheduled for January 16, 1985, would concern "... all matters the parties wish to consider in this case." On January 9, 1985, the wife's counsel filed a motion for a continuance with the commissioner, but the commissioner denied this motion.

On January 16, 1985, neither the wife nor her counsel of record appeared at the hearing. Instead, her counsel sent his associate to request a continuance, and in support of the motion, the associate sought to introduce an affidavit written by the wife's counsel. The special divorce commissioner denied this motion, stating that the primary grounds for it were not supported by competent evidence and that the wife's counsel had had adequate opportunity to prepare for the hearing. Thereafter, the evidence was concluded and the special commissioner filed a report and later an amended report, which the circuit court confirmed in his final order of September 26, 1986.

■ For her first assignment of error, the wife asserts that she was denied effective assistance of counsel by the commissioner's refusal to grant a continuance of the hearing in January 1985 which prevented her from presenting evidence about the husband's pension. We disagree. Our review of the record reveals that both husband and wife testified, and that the wife did not raise the issue of the husband's alleged pension until this appeal, and that the proceedings below are devoid of any reference to a pension. The principle of considering equitable distribution along with alimony is contained in *W. Va. Code*, 48-2-16(b)(5) [1984], which provides that a court shall consider in determining the amount of alimony, among other things:

The distribution of marital property to be made under the terms of a separation agreement or by the court under the provisions of section thirty-two [§ 48-2-32] of this article, insofar as the distribution affects or will affect the earnings of the parties and their ability to pay or their need to receive alimony, child support or separate maintenance;

The extraordinary award of additional alimony above and beyond the amount of permanent alimony would constitute some compensation for any alleged pension.

■ In Syllabus Point 1 of *State v. Davis*, 176 W.Va. 454, 345 S.E.2d 549 (1986), we stated:

"The granting of a continuance is a matter within the sound discretion of the trial court, though subject to review, and the refusal thereof is not ground for reversal unless it is made to appear that the court abused its discretion, and that its refusal has worked injury and prejudice to the rights of the party in whose behalf the motion was made." Syl. pt. 1, *State v. Jones*, 84 W.Va. 85, 99 S.E. 271 (1919).

Because the record of proceedings below is devoid of any reference to a pension and because the wife has been awarded additional sums as alimony, we cannot infer "injury and prejudice to the rights" of the wife. The wife was awarded virtually all of the relief she requested.

■ For her second and last error, the wife alleges that the trial court erred in his failure to remove the special divorce commissioner due to bias. Canon 3(C)(1) of the Judicial Code of Ethics provides:

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned including but not limited to instances where:

(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

Our review of the record shows that the relationship between the special divorce commissioner and the defendant was "quite distant." The wife's attorney endorsed the order appointing the special divorce commissioner and allowed the commissioner to preside at several hearings without objection. The commissioners' Reports, Recommendations, and Findings of Fact are detailed and award the wife nearly all of her requested relief. On the basis of the record, we cannot infer any bias on the part of the commissioner due to his relationship with the husband. We find no error in the circuit court's decision not to remove the special divorce commissioner.

For the foregoing reasons, the judgment of the Circuit Court of Tyler County is affirmed.

Affirmed.