407 S.E.2d 720

**Gary CROSS, Plaintiff Below, Appellee,**

v.

**Trinichia Lee CROSS, Defendant Below, Appellant.**

No. 19409.

Supreme Court of Appeals of West Virginia.

Submitted May 15, 1991.

Decided July 12, 1991.

Rehearing Denied July 25, 1991.

L. David Ward, Elizabeth, for appellant.

Larry L. Skeen, Ripley, for appellee.

PER CURIAM:

This case is before us again on appeal by the appellant, Trinichia Lee Cross, from an order of the Circuit Court of Jackson County denying the appellant's request for a continuance, and determining the appellant's interest in her former spouse's pension benefits in accordance with the directives of this Court in *Cross v. Cross*, 178 W.Va. 563, 363 S.E.2d 449 (1987).[1] The appellant contends that the circuit court abused its discretion in denying her motion

for a continuance, and that it erred in accepting the sum of $16,422.38 as the present value of the pension benefits of the appellee, Gary Lynn Cross. After reviewing the record before us, we conclude that the order of the circuit court should be affirmed.

The parties were divorced by final order of the circuit court rendered on November 7, 1986. The divorce decree was subsequently affirmed by this Court in *Cross v. Cross, supra*, except with respect to the equitable distribution of the appellee's state teachers' pension account.

Following this Court's ruling in *Cross v. Cross*, the appellee filed a motion on February 26, 1988, requesting that the circuit court determine the amount due to the appellant as an equitable distribution of the appellee's pension benefits. The parties appeared at a hearing before the circuit court on March 7, 1988, where the appellant requested a continuance of the case so that she could employ counsel to represent her. Over the objection of the appellee, the circuit court granted the appellant's motion and continued the case for an evidentiary hearing to be held on March 18, 1988.

The appellant subsequently retained counsel to represent her in this matter, who then requested that the circuit court grant him additional time in which to prepare for the case. By order entered on March 18, 1988, the circuit court granted the request of the appellant's counsel. However, one month later, appellant's counsel moved the circuit court to be dismissed from his representation of the appellant. The circuit court dismissed the attorney as counsel for the appellant and continued the case for an evidentiary hearing on June 6, 1988. The case was then continued again by the circuit court, on its own motion, until October 3, 1988.

The case came on for hearing before the circuit court on October 3, 1988, however, the appellant did not appear either in person or by counsel. The circuit court found that there was a lack of proof that the

---

1. This Court held in *Cross v. Cross, supra,* that pension plans were marital property subject to equitable distribution, and we remanded this case to the Circuit Court of Jackson County with directions to hold a hearing and devise an appropriate plan for distributing those benefits.

appellant had been given notice of the hearing, and ordered that the case be rescheduled for November 4, 1988. The circuit court further ordered the sheriff of Jackson County to deliver a certified copy of the order rescheduling the hearing to the appellant.

The hearing was held as scheduled on November 4, 1988, although the appellant appeared without counsel. The appellant represented to the circuit court that she had employed an attorney to represent her. The court attempted to contact the attorney to confirm his representation of the appellant but was unable to reach him. The circuit court then denied the appellant's request for a continuance. The circuit court went on to accept into evidence a document prepared by the West Virginia Teachers' Retirement System which set out the appellee's benefits, as of the date of the parties' separation and initiation of divorce proceedings, indicating a balance of $16,-422.38. The circuit court provided the appellant an opportunity to refute the appellee's documentation but she declined to present any evidence to the contrary. The court then ordered that the appellant was entitled to one-half of the appellee's pension at the time the parties separated and initiated the divorce proceedings which amounted to $8,211.19. However, since a judgment had previously been granted to the appellee against the appellant in the sum of $1,290.00, based upon the appellant's refusal to sign joint federal and state income tax returns which cost the appellee an additional $1,290.00 in taxes, the court granted the appellee a credit against the appellant's share of the retirement account in that amount. This matter is now before this Court upon appeal of that order.[2]

## I

The appellant first contends that the circuit court abused its discretion when it denied her motion for a continuance at the hearing held on November 4, 1988. The appellee maintains that the circuit court did not abuse its discretion in denying the appellant's motion for another continuance since several continuances had previously been granted to her and she had failed during that period to retain counsel.

The decision of this Court remanding this case for a hearing on the issue of the appellee's retirement account was issued on November 17, 1987. A hearing on that issue was then scheduled before the circuit court on March 7, 1988, and notice was served on the appellant and her counsel, who notified appellee's attorney, by later dated February 24, 1988, that he no longer represented the appellant. The appellant appeared at the hearing held on March 7, 1988, without counsel and the case was continued at her request until March 18, 1988.[3]

The appellant appeared with counsel at the hearing held on March 18, 1988. However, the appellant's counsel requested a continuance so that he could familiarize himself with the appellant's case. The circuit court therefore continued the matter until April 18, 1988.

At the hearing held on April 18, 1988, counsel on behalf of the appellant requested permission to withdraw as her attorney. The circuit court granted the motion and continued the case until June 6, 1988.[4]

On its own motion, the circuit court continued this case until October 3, 1988. The appellant, however, did not appear at this hearing. Since there was no document in the file to confirm whether the appellant had notice of the hearing, the circuit court

---

**2.** Although the appellant filed an appeal of the circuit court's order on July 7, 1990, the disposition of this matter was held up by the delay in posting bond and in filing the designated record.

**3.** In the circuit court's order granting the appellant's motion for a continuance, the circuit court added that if the appellant was "unable to employ counsel she shall, nevertheless, appear

in person and there shall be no further continuances of this proceeding."

**4.** In the order dated April 18, 1988, continuing the case until June 6, 1988, the circuit court stated that "no further continuances will be granted for any reason without good cause shown, and good cause shall not include a delay for defendant to employ replacement counsel."

continued the case until November 4, 1988, and directed the sheriff of Jackson County to serve a copy of the order upon the appellant.

The appellant appeared at the hearing on November 4, 1988, without counsel. The appellant maintained that she had retained an attorney to represent her, but the circuit court's attempts to contact that attorney were unsuccessful.[5] The circuit court then denied the appellant's motion for another continuance.

■ This Court has traditionally recognized that a motion for a continuance is addressed to the sound discretion of the trial court. *Templeton v. Templeton,* 179 W.Va. 597, 371 S.E.2d 175 (1988); *Thomas v. Beckley Music & Electric Co.,* 146 W.Va. 764, 123 S.E.2d 73 (1961); *Staples v. Left Fork Fuel Co.,* 138 W.Va. 819, 77 S.E.2d 872 (1953); *Powell v. Sayres,* 134 W.Va. 653, 60 S.E.2d 740 (1950); *Mullens v. Frazer,* 134 W.Va. 409, 59 S.E.2d 694 (1950); *Hutchinson v. Montgomery Memorial Park Corporation,* 128 W.Va. 419, 36 S.E.2d 889 (1945). We recently reaffirmed this general rule in syllabus point 2 of *Nutter v. Maynard,* 183 W.Va. 247, 395 S.E.2d 491 (1990), where we stated:

'It is well settled as a general rule that the question of continuance is in the sound discretion of the trial court, which will not be reviewed by the appellate court, except in case it clearly appears that such discretion has been abused.' Syl. pt. 1, *Levy v. Scottish Union & National Ins. Co.,* 58 W.Va. 546, 52 S.E. 449 (1905).

■ Clearly, the circuit court provided the appellant several opportunities to retain counsel to represent her in this case. The hearing to determine the appellant's share of the appellee's pension benefits was continued on several occasions over a period of nearly a year. Thus, on the basis of the record before us, we cannot conclude that the circuit court abused its discretion in denying the appellant's motion for a continuance.

II

As her second assignment of error, the appellant asserts that the circuit court erred in accepting the sum of $16,422.38 as the present value [6] of the appellee's pension benefits. The appellee maintains that the circuit court did not err by accepting the amount of $16,422.38 as the present value of the appellee's teachers' retirement benefits at the time of the parties' separation since this was the amount documented by the West Virginia Teachers' Retirement System.

At the hearing held on November 4, 1988, the appellee submitted a statement from the West Virginia Teachers' Retirement System disclosing his contributions and interest in his retirement account through June 30, 1984. The statement indicates that the appellee's refundable balance as of that date was $16,422.38.[7] Although at the time of the hearing the appellant did not introduce any evidence to contradict the amount indicated on the statement prepared by the West Virginia Teachers' Retirement System, the appellant now argues on appeal that she is entitled to a greater amount which reflects the sum of the pension benefits at the time they fully mature. The appellee points out, however, that at the time of the parties' separation in 1984,

---

**5.** The day before the hearing, the secretary of Benjamin N. Snyder, an attorney, telephoned the secretary of appellee's counsel to advise him that he "may" be employed to represent the appellant. Mr. Snyder's secretary wanted to know if a continuance would be possible since Mr. Snyder had not had time to prepare for the case. Mr. Snyder's secretary was advised that a continuance was not agreeable. Neither Mr. Snyder nor his secretary attempted to contact the circuit court or the clerk of the circuit court to obtain a continuance and the appellant appeared without counsel at the hearing. Since the circuit court could not confirm that the appellant had retained Mr. Snyder to represent her, the court denied her request for a continuance.

**6.** What the parties are characterizing as the "present value" of the appellee's retirement account in 1984 is actually the refundable balance on the statement submitted by the West Virginia Teachers' Retirement System.

**7.** The statement also indicates that the refundable balance equals the total contributions plus refund interest compounded annually at 3%.

the appellee would only have received $16,422.38 had he cashed in his pension rights.

■ Although we have never dictated any specific method for equitably distributing pension benefits at divorce, we listed factors to be considered by the courts in syllabus point 5 of *Cross v. Cross, supra:*

> When a court is required to divide vested pension rights that have not yet matured as an incident to the equitable distribution of marital property at divorce, the court should be guided in the selection of a method of division by the desirability of disentangling the parties from one another as quickly and cleanly as possible. Consequently, a court should look to the following methods of dividing pension rights in this descending order of preference unless peculiar facts and circumstances dictate otherwise: (1) lump sum payment through a cash settlement or off-set from other available material assets; (2) payment over time of the present value of the pension rights at the time of divorce to the non-working spouse; (3) a court order requiring that the non-working spouse share in the benefits on a proportional basis when and if they mature.

■ Moreover, the burden of proof is upon both parties to present evidence regarding the pension benefits as we pointed out in syllabus point 3 of *Roig v. Roig,* 178 W.Va. 781, 364 S.E.2d 794 (1987):

> When the issue in a divorce proceeding is the equitable distribution of marital property, both parties have the burden of presenting competent evidence to the trial court concerning the value of such property.

■ In the case now before us, the only evidence presented to the circuit court regarding the value of the appellee's pension at the time the parties separated and initiated divorce proceedings was a statement prepared by the West Virginia Teachers' Retirement System which indicated that the appellee's refundable balance as of July of 1984 was $16,422.38. The record also indicates that, at the time of separation and the initiation of divorce proceedings, the appellee was not approaching retirement and the pension benefits were not soon to be paid. The appellant did not submit any evidence to contradict the amount set forth as the refundable balance in this statement. The circuit court determined that the appellant was entitled to one-half of the refundable balance in the appellee's pension account, and awarded her a lump-sum payment of $8,211.19.[8]

The lump-sum payment of one-half of the refundable balance of the other spouse's pension benefits at the time of divorce is not the most favored method of equitable distribution. However, because of the absence of any information regarding the pension submitted by the appellant, we cannot conclude that the circuit court erred in awarding the appellant one-half of the refundable balance of the appellee's pension at the time of the divorce. The actions of the appellant in failing to retain counsel and in failing to submit any evidence prevented the development of a more complete record. The trial court, after granting numerous continuances on behalf of the appellant, had to then rely on the only evidence before him regarding the pension.

Therefore, on the basis of the record before us, we cannot conclude that the circuit court erred in awarding the appellant a lump-sum payment of one-half of the refundable balance of the appellee's pension benefits at the time of divorce. Thus, the order of the Circuit Court of Jackson County is affirmed.

Affirmed.

NEELY, J., deeming himself disqualified, did not participate in the consideration or decision of this case.

---

8. As pointed out earlier, the circuit court deducted $1,290 from the lump-sum payment to satisfy judgment that had previously been granted to the appellee against the appellant. In *Cross,* 178 W.Va. at 570, 363 S.E.2d at 456–60, we had affirmed the circuit court's ruling that the appellee was entitled to claim the children as exemptions for federal and state income tax purposes. Apparently, the appellant refused to sign the joint federal and state income tax returns which cost the appellee an additional $1,290.00 in taxes.