# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**George E. James,**
**Respondent Below, Petitioner**

**vs.) No. 17-0267** (Braxton County 14-D-49)

**Vanessa D. James,**
**Petitioner Below, Respondent**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner George E. James, by counsel Shannon R. Thomas, appeals the February 13, 2017, order of the Circuit Court of Braxton County that modified, in part, reversed, in part, and affirmed, in part, the family court's Final Divorce Decree. Respondent Vanessa D. James, by counsel Kenneth J. Barnett, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner alleges that the family court erred in (1) considering a certain certificate of deposit to be marital property; (2) holding that a savings account with the Bank of Gassaway was marital property; (3) addressing alimony without considering the parties' financial realities; (4) awarding attorney's fees; (5) addressing the division of the firearms and ammunition in equitable distribution; (6) valuing certain assets; and (7) including respondent's separate debt as a marital debt in equitable distribution.

This Court has considered the parties' briefs and the record on appeal. Under the limited circumstances presented in this case, we find a memorandum decision affirming in part and reversing and remanding in part for further proceedings appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure. As explained below, the Court finds that the lower courts committed no reversible error as pertains to petitioner's appeal on six of his assignments of error. However, we find that the circuit court's denial of relief in regard to petitioner's claim that the family court included separate debt as marital debt in equitable distribution was erroneous and therefore reverse, in part, the lower court's orders and remand to the family court with instructions to exclude the debt in question from the marital debt.

The parties were married in July of 1997 and separated in April of 2014. No children resulted from the marriage. Throughout the marriage, petitioner owned and operated his own trucking business and respondent was employed in various retail positions. In April of 2014, the parties separated. Thereafter, respondent filed a petition for divorce, to which petitioner filed a response and counter-petition. Respondent subsequently obtained an emergency domestic violence protective order against petitioner in magistrate court. However, upon a hearing before the family court, the protective order was denied. Further, mediation between the parties was unsuccessful.

1

Beginning in March of 2015 and continuing into May of 2015, the family court held hearings on the petition for divorce. During these proceedings, the family court heard testimony from bank officials, expert witnesses, and other individuals related to certificates of deposit, bank accounts, and the parties' other assets. Previously, the parties stipulated to a method for obtaining a value for certain firearms so that they could be equitably distributed. However, respondent later decided against this method of distribution, and the family court eventually assigned value to the firearms for purposes of distribution. Ultimately, the family court granted the parties' divorce on the grounds of irreconcilable differences and distributed the marital assets. At some point, the family court made changes to the final order by way of handwritten notations.

Thereafter, petitioner appealed the family court's final order to the circuit court. Respondent also filed a cross-petition for appeal. After granting a limited stay pending appeal, the circuit court ultimately entered an order in February of 2017 that modified the family court's order, in part, reversed the order, in part, and affirmed the order, in part. It is from the circuit court's order that petitioner appeals.

We apply the following standard of review to the circuit court's order:

In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner raises seven assignments of error challenging specific findings and conclusions from the family court, all of which were raised in his appeal to the circuit court. First, petitioner alleges that the family court erred in its consideration of a specific certificate of deposit and its decision to classify the same as marital property. In support of this assignment of error, petitioner argues that the certificate of deposit was funded with money held exclusively by him prior to the marriage. According to petitioner, the family court confused the testimony of two different witnesses who testified about separate accounts in reaching its determination that the specific certificate of deposit at issue was marital property. As such, petitioner argues that the certificate of deposit should be excluded from the parties' marital property. We do not agree.

We have previously held that "[t]he party seeking to exclude property from the marital estate that is presumptively marital property, has the burden of persuasion on that issue." Syl. Pt. 4, in part, *Mayhew v. Mayhew*, 205 W.Va. 490, 519 S.E.2d 188 (1999). As the circuit court found on appeal, petitioner "did not meet his burden on proving that this [certificate of deposit] was separate property." This was based on the family court's finding regarding the difficulty in tracing the certificate of deposit's origins, given that certain records were not kept beyond seven years and the account was transferred among several banks, among other issues. In ruling that the family court did not err in finding that petitioner failed to meet his burden in excluding the certificate of deposit from the marital property, the circuit court specifically found that the

2

testimony regarding it "was not clearly presented[.]" Accordingly, we find no error in the decision to classify the certificate of deposit as marital property.

Next, petitioner argues that the family court erred in considering as marital property a savings account with the Bank of Gassaway. In support, petitioner asserts that this account, while opened during the marriage, was funded exclusively by money he held separately prior to the marriage. According to petitioner, respondent's name was not on the account and she made no contributions to it during the marriage. Again, we do not agree. As set forth above, petitioner had the burden of establishing that the saving account, opened during the marriage, was not marital property. As both the family and circuit courts found, petitioner failed to satisfy this burden. According to the circuit court, the only fact petitioner established was that the "account was started with funds from a different account," while he failed to "sufficiently prove that this was separate property." The circuit court further found that petitioner "provided no documents or receipts to support" his claim that he relied on this account to pay for marital expenses incurred after respondent left the marital home. Accordingly, we find no error in the decision to classify the savings account at issue as marital property.

Petitioner's third assignment of error is that the family court erred in addressing alimony without considering the financial realities of the parties. Specifically, petitioner contends that the family court "went through the motions" of evaluating the criteria necessary for awarding alimony without actually considering petitioner's ability to pay the same. Based on petitioner's assertion that he suffers from diabetes and other major health issues, he claims that the family court erred in its alimony award, despite the fact that he submitted voluminous evidence concerning his income and inability to pay alimony. We do not agree.

We have previously held as follows:

> "Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syllabus, *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977).

Syl. Pt. 3, *Lucas v. Lucas*, 215 W.Va. 1, 592 S.E.2d 646 (2003). As the circuit court found below, we find no abuse of discretion in the family court's award of alimony. On appeal to this Court, petitioner admits that the family court evaluated the required criteria for consideration of alimony as set forth in West Virginia Code § 48-6-301, although he asserts that it did so in a perfunctory manner. In fact, petitioner can cite to no evidence that the family court failed to consider the requisite factors, beyond his general disagreement with the amount of alimony ultimately awarded. That petitioner disagrees with the award is not evidence that the family court failed to consider any of the factors set forth in West Virginia Code § 48-6-301. Moreover, it is clear that the family court complied with our prior direction concerning alimony, wherein we have stated that "'[a]limony must not be disproportionate to a [person's] ability to pay as disclosed by the evidence before the court.' Syllabus, *Miller v. Miller*, 114 W.Va. 600, 172 S.E. 893 (1934)." Syl. Pt. 2, *Sandusky v. Sandusky*, 166 W.Va. 383, 271 S.E.2d 434 (1981). Here, the record is clear that after considering the relevant factors, including petitioner's income and his

3

ability to pay the temporary alimony previously ordered, the family court actually reduced petitioner's monthly alimony payment from $500 to $400. As such, we find no error in regard to this assignment of error.

Petitioner's fourth assignment of error is that the family court erred in its award of attorney's fees to respondent. In support of this assignment of error, petitioner alleges that the family court erred in considering the factors this Court set forth in *Banker v. Banker*, 196 W.Va. 535, 474 S.E.2d 465 (1996). In support of this assignment of error, petitioner acknowledges that the family court "made a specific finding regarding each element of the *Banker* decision," but goes on to argue that it nonetheless ignored those criteria when issuing its order. Again, petitioner is essentially arguing that his displeasure with the ultimate award evidences a failure to properly consider certain factors, despite the fact that he admits the family court considered the same. As we noted above, petitioner's disagreement with the ultimate decision is not evidence that the family court failed to consider the relevant factors.

On the contrary, the circuit court specifically found that "[t]he [f]amily [c]ourt made ten findings related to attorney['s] fees and the considerations of *Banker* . . . ." We agree with the circuit court that the family court "evaluated the case pursuant to *Banker*, and had sufficient grounds for its award" of attorney's fees to respondent. In *Banker*, we held as follows:

> In divorce actions, an award of attorney's fees rests initially within the sound discretion of the family [court] and should not be disturbed on appeal absent an abuse of discretion. In determining whether to award attorney's fees, the family [court] should consider a wide array of factors including the party's ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the divorce action necessary, and the reasonableness of the attorney's fee request.

196 W.Va. at 538, 474 S.E.2d at 468, Syl. Pt. 4. As the circuit court noted, the family court found that petitioner made seventy-nine percent of the family's income, to respondent's twenty-one percent, and was awarded the marital home. Moreover, while it acknowledged that both parties would have difficulty paying their respective attorneys, the family court also found that respondent "clearly had to borrow money to pay her attorney" and that petitioner's obstruction with regard to the disclosure of certain documents resulted in difficulty during the proceedings. Accordingly, we agree with the circuit court that the family court did not abuse its discretion in awarding respondent attorney's fees, especially in light of the fact that it appropriately considered the necessary factors set forth in *Banker*.

Petitioner's fifth assignment of error is that the circuit court improperly addressed the division of the firearms and ammunition in equitable distribution. According to petitioner, the parties "stipulated" to the manner in which the firearms and ammunition would be divided, which included values prepared from a "Blue Book" that did not represent the fair market value but, instead, simply the values the parties would use to determine how to divide the property. However, petitioner argues that respondent changed her mind about the manner in which the firearms were to be distributed, and the family court erred in permitting her to withdraw from the

4

stipulation. We do not agree. In support of this argument, petitioner asserts that "[s]tipulations or agreements made in open court by the parties in the trial of a case and acted upon are binding and a judgment founded thereon will not be reversed." Syl. Pt. 1, *Butler v. Smith's Transfer Corp.*, 147 W.Va. 402, 128 S.E.2d 32 (1962). However, petitioner ignores the fact that *Butler* is not controlling, as that case did not concern an agreement between parties concerning the division of property pursuant to a divorce proceeding. Instead, *Butler* concerned a stipulation between parties agreeing that a verdict amount would be reduced by the amount of any settlement, where a settlement has been made by one joint tort-feasor and another is being sued for the same cause of action. *Id.* at 402, 128 S.E.2d at 33, Syl. Pt. 2. Moreover, even if *Butler* was controlling, petitioner further ignores the fact that "[w]hile stipulations made in open court between parties or their counsel are binding upon the parties, . . . those stipulations are not binding upon the court." *Frazee Lumber Co. v. Haden*, 156 W.Va. 844, 848, 197 S.E.2d 634, 637 (1973). As the circuit court found, petitioner "points to no statute or case law that would have required the [f]amily [c]ourt to enforce the parties' early agreement regarding the division of the firearms." As such, we agree that there was no error in the family court's division of the property at issue.

Petitioner's sixth assignment of error is that the family court erred in its valuations of a 2002 Explorer, a 1989 Javelin Boat, and certain jewelry. We do not agree. "'When the issue in a divorce proceeding is the equitable distribution of marital property, both parties have the burden of presenting competent evidence to the trial court concerning the value of such property.' Syl. pt. 3, *Roig v. Roig*, 178 W.Va. 781, 364 S.E.2d 794 (1987)." Syl. Pt. 3, *Cross v. Cross*, 185 W.Va. 414, 407 S.E.2d 720 (1991). First, in support of his argument that the family court erred in valuing the 2002 Explorer, petitioner asserts that it did not consider that the vehicle was technically an Explorer LS. According to petitioner, despite the fact that respondent acknowledged that her valuation was not based on the LS designation, the family court nonetheless accepted the same. We do not find this argument persuasive. As the circuit court correctly found, there was no error in the Explorer's valuation, given that the family court "properly considered the [vehicle's] age, admitted mechanical problems, and high mileage . . . ." Further, the record shows that the family court did not simply accept respondent's value, as alleged, but instead, based on its considerations of the factors set forth above, "arrived at the value that was neither the highest nor the lowest of the different Kelley Blue Book and [National Automobile Dealers Association ("NADA")] values that were *presented by both parties*." (emphasis added).

Next, the family court's valuation of the 1989 Javelin boat was not error. Petitioner argues that the family court failed to adopt the NADA value for the boat after respondent admitted that she obtained a value for a different type of boat than the parties owned. However, his argument ignores the fact that the circuit court found that "both parties submitted NADA values for boats that were not identical to the boat at issue." Accordingly, we agree with the circuit court that the family court was not in error for assigning a value within the range of values presented. Lastly, petitioner argues that the family court "did not use the only value for jewelry that was offered, but created its own value without regard to the evidence offered." According to the record, the family court found certain jewelry to be gifts to respondent and further depreciated the value of the marital jewelry. On appeal, petitioner asserts that there was no evidence that any jewelry was gifted, but this ignores the evidence below, including respondent's

5

arguments that certain items were gifted to her and petitioner's own admission that a wedding band was a gift. Moreover, the family court considered evidence in the form of receipts to determine what jewelry should be considered as gifts. As such, we agree with the circuit court that there was no error in valuing the jewelry at issue.

Finally, petitioner argues that the circuit court erred in considering as martial property respondent's $300 credit card debt. According to petitioner, respondent agreed that this debt was her separate obligation and counsel agreed that it would be removed from the equitable distribution chart. However, without making any findings regarding the debt, the family court included the same in the parties' equitable distribution. We agree with petitioner that this was in error. According to the record, respondent specifically acknowledged that the $300 debt at issue was her separate debt incurred prior to the marriage. The family court clarified that this was a non-marital debt before asking respondent's counsel if the same could be stricken from the equitable distribution, which counsel confirmed. Despite this exchange, the debt in question was eventually reflected in the family court's equitable distribution. Moreover, when petitioner raised this issue on appeal to the circuit court, it made only one cursory finding that "[t]he [f]amily [c]ourt did not abuse its discretion in determining this to be a marital debt." We find, however, that including this debt, which respondent admitted was a separate debt incurred prior to the marriage, as marital was error. Accordingly, we reverse, in part, the family court's "Final Decree Of Divorce" and remand with instructions to exclude the debt in question from the marital debt.

For the foregoing reasons, we affirm, in part, and reverse, in part, both the Circuit Court of Braxton County's February 13, 2017, order and the Family Court of Braxton County's October 21, 2015, "Final Decree Of Divorce" and remand to the family court with instructions to consider respondent's $300 debt as separate property.

Affirmed, in part, reversed, in part, and remanded.

**ISSUED:** May 14, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker